UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**OLDENBURG GROUP INC.,**
      **Plaintiff,**

    v.                                  Case No. 07C0285

**FRONTIER-KEMPER CONSTRUCTORS INC.,**
      **Defendant.**

### DECISION AND ORDER

In 2006, a company known as White County Coal LLC sued the defendant in the present case, Frontier-Kemper Constructors, Inc. ("FKC") in state court in Illinois. In that case, FKC filed a third-party complaint against Oldenburg Group, Inc. ("Oldenburg"), the plaintiff in the present case, seeking indemnification under an asset purchase agreement ("APA"). Oldenburg asserts that this third-party claim was improperly brought, though, because the APA contains an agreement to litigate any dispute arising out of the agreement in the United States District Court for the Eastern District of Wisconsin.

On March 22, 2007, Oldenburg brought the present action. It seeks a declaratory judgment clarifying the legal relationship between itself and FKC and seeks damages for FKC's alleged breach of the APA. FKC did not timely respond to Oldenburg's complaint and the clerk of court entered a default. Pursuant to Fed. R. Civ. P. 55(c), FKC now moves to set aside the entry of default. The parties are diverse and I have jurisdiction pursuant to 28 U.S.C. § 1332.

In order to vacate an entry of default, a movant must show good cause, quick action to correct the default and a meritorious defense to the complaint. Rule 55(c); Pretzel &

Stouffer v. Imperial Adjusters, Inc., 28 F.3d 42, 45 (7th Cir. 1994). Good cause "is not a synonym for 'excusable neglect.'" Sims v. EGA Prods., Inc., 475 F.3d 865, 868 (7th Cir. 2007). In examining a motion brought under Rule 55(c), a court examines whether there is good cause for judicial action, not whether there is a good excuse for defendant's inattention to the case. Id. As such, damages that are disproportionate to defendant's wrong may afford good cause for excusing a default. Id. Generally speaking, it is desirable to resolve cases on their merits instead of by default. See Sec. Ins. Co. of Hartford v. Schipporeit, Inc., 69 F.3d 1377, 1381 (7th Cir. 1995).

In the present case, I conclude that I have good cause to set aside FKC's default. FKC establishes that no person of authority in the company had knowledge of Oldenburg's suit before it received notice of entry of default. Oldenburg did not serve FKC's registered agent in Wisconsin, and although litigation involving the subject of the suit was pending in Illinois, Oldenburg's counsel did not advise FKC's counsel of the suit. Oldenburg obtained service by giving the summons and complaint to a receptionist who, according to FKC, was not authorized to accept service and did not know what to do with the papers she received. Finally, allowing Oldenburg to take a default judgment would result in damages to FKC disproportionate to its mistake, whereas setting aside the entry of default would not cause undue prejudice to Oldenburg.

As to the second element of the test for vacating an entry of default, FKC took quick action to correct its mistake. Oldenburg does not dispute this fact.

Thus, I turn to whether FKC has a meritorious defense. To establish that it has a meritorious defense, FKC need only show that there is some possibility that litigating the case will produce an outcome contrary to that resulting from a default. 10 Charles Alan

2

Case 2:07-cv-00285-LA   Filed 08/02/07   Page 2 of 4   Document 18

Wright & Arthur R. Miller, Federal Practice and Procedure § 2697 (3d ed. 1998); see also INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc., 815 F.2d 391, 398-99 (6th Cir. 1987). In the present case, if its default is set aside, FKC intends to ask me to abstain from deciding the case until the Illinois case is resolved. It argues that a federal court's duty to abstain is equivalent to a meritorious defense. I agree. If I decide to abstain, the outcome of the suit will be contrary to the result produced by a default. Thus, I ask whether there is some possibility that I will decide to abstain. To answer this question, Oldenburg argues that I should apply the standard set forth in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), which federal courts use to determine whether to abstain when a concurrent state proceeding involving the same parties is pending. FKC argues that I should apply the more liberal standard set forth in Brillhart v. Excess Insurance Company of America, 316 U.S. 491 (1942) standard, which governs cases brought under the Federal Declaratory Judgment Act.

At this point, I need not decide which standard to apply because under either of them, there is some possibility that I will decide to abstain. Under the Brillhart standard, I have broad discretion to abstain from exercising jurisdiction. See Miller Brewing Co. v. Ace U.S. Holdings, Inc., 391 F. Supp. 2d 735, 741 (E.D. Wis. 2005). Under the Colorado River standard, I may abstain from exercising jurisdiction if the circumstances are exceptional, and if abstention would promote 'wise' jurisdictional administration." Clark v. Lacy, 376 F.3d 682, 685 (7th Cir. 2004) (quoting Colo. River Water Conservation Dist., 424 U.S. at 818). In the present case, it appears that there is some possibility that FKC can meet either standard. Therefore, FKC establishes a meritorious defense to the complaint within the meaning of the cases addressing vacating an entry of default.

Therefore,

**IT IS ORDERED** that defendant's motion to set aside entry of default is **GRANTED.**

**IT IS FURTHER ORDERED** that defendant shall answer or otherwise respond to plaintiff's complaint within twenty (20) days of the date of this order.

Dated at Milwaukee, Wisconsin, this 1 day of August, 2007.

/s_____
LYNN ADELMAN
District Judge

4