# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**OLDENBURG GROUP INC.,**
          **Plaintiff,**

    v.                                            Case No. 07C285

**FRONTIER-KEMPER CONSTRUCTORS INC.,**
          **Defendant.**

## DECISION AND ORDER

In this diversity action, plaintiff Oldenburg Group Inc. ("Oldenburg") alleges that defendant Frontier-Kemper Constructors Inc. ("Frontier") violated a contractual duty to defend and indemnify and seeks declaratory and monetary relief.[1] Defendant has asked me to abstain from exercising jurisdiction over the case while a related proceeding in Illinois state court is pending.

### I. BACKGROUND

In 2000, Lake Shore Mining Co. ("Lake Shore"), a subsidiary of Oldenburg, contracted to build a conveyor system for White County Coal LLC ("WCC"). Lake Shore entered into a subcontract with Stamler Corporation ("Stamler"), another Oldenburg subsidiary, providing that Stamler would assist with the engineering and design of some

---

[1] Oldenburg has not alleged that the amount in controversy exceeds the jurisdictional minimum, but Frontier has not argued otherwise. Thus, because it is not legally certain that the expenses that Oldenburg has incurred and will incur in defending the underlying suit will be less than the jurisdictional minimum, I have jurisdiction. See St. Paul Fire & Marine Ins. Co. v. Land Title Servs., 483 F. Supp. 2d 745, 747 (E.D. Wis. 2007) (citing Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 543 (7th Cir. 2006)).

of the conveyor system's components.[2] In 2001, Oldenburg and Lake Shore sold Lake Shore's assets, including the WCC contract, to Frontier. In the asset purchase agreement, Frontier agreed to "indemnify, defend and hold [Oldenburg and Lake Shore] harmless" from all losses, liabilities and expenses "arising out of, resulting from or relating to . . . [a]ny defect, error or problem arising from the design or design engineering on the White County Coal contract." (Am. Compl. ¶ 11.) Thereafter, Frontier took over the WCC contract from Lake Shore. In 2003, Stamler merged with Oldenburg.

In 2006, WCC sued Frontier in Illinois state court, alleging that the conveyor system had malfunctioned and caused more than $3 million in damages. Frontier filed a third-party complaint against Oldenburg as the successor-in-interest to Stamler, alleging that Stamler was responsible for design flaws in the system. In Oldenburg's answer to Frontier's complaint, Oldenburg raised as an affirmative defense that, pursuant to the asset purchase agreement referenced above, Frontier must indemnify Oldenburg and Oldenburg is therefore entitled to set off any judgment entered against it and additionally entitled to the costs of defending against the action. WCC later amended its complaint to add Oldenburg as a defendant and Oldenburg demanded that Frontier defend and indemnify Oldenburg against WCC's claims. Frontier refused Oldenburg's demand. Frontier contends that the asset purchase agreement's indemnification provision does not apply to claims against Stamler, as Oldenburg had not merged with Stamler at the time that Oldenburg entered such agreement.

---

[2]In examining defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(1), I accept the allegations in plaintiff's complaint as true and also examine other materials related to the exercise of jurisdiction.

In the present action, Oldenburg seeks a declaration that Frontier has a duty to defend and indemnify it against the claims raised by WCC and Frontier in Illinois state court and a declaration that Frontier has breached such duties. In addition, Oldenburg seeks damages for costs already incurred in defending against WCC's and Frontier's claims and in bringing the present action. Frontier argues that these issues are currently before the Illinois court and that, in the interest of sound judicial administration, I should either dismiss the present action or stay it until the Illinois action is resolved.

## II. DISCUSSION

The parties dispute whether the proper standard governing abstention is found in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), or Brillhart v. Excess Insurance Co. of Am., 316 U.S. 491 (1942). Where a concurrent state proceeding is pending, the Colorado River standard usually governs abstention. That standard provides that "a district court may abstain from exercising jurisdiction if the circumstances are exceptional and if abstention would promote 'wise jurisdictional administration.'" Clark v. Lacy, 376 F.3d 682, 685 (7th Cir. 2004) (quoting Colo. River, 424 U.S. at 818). However, where an action is brought under the Declaratory Judgment Act ("DJA"), the Brillhart standard applies. Wilton v. Seven Falls Co., 515 U.S. 277, 288-89 (1995). Under that standard, based on the language of the DJA, a court need not find exceptional circumstances; it need only determine that the questions of law would be better settled in the state court. Id. at 282.

Where a plaintiff seeks damages or injunctive relief in addition to declaratory relief, the Colorado River standard, rather than the Brillhart standard, governs abstention. Miller Brewing Co. v. Ace U.S. Holdings, Inc., 391 F. Supp. 2d 735, 741 (E.D. Wis. 2005) (citing

3

Kelly Inv., Inc. v. Cont'l Common Corp., 315 F.3d 494, 497 n.4 (5th Cir. 2003); Cedar Rapids Cellular Tel., L.P. v. Miller, 280 F.3d 874, 878-79 (8th Cir. 2002); Vill. of Westfield v. Welch's, 170 F.3d 116, 124 n.5 (2d Cir. 1999); and James Wm. Moore, 17A Moore's Federal Practice § 122.06[6] (3d ed. 2005)). In the present case, plaintiff is requesting damages in addition to declaratory relief, and defendant has not asserted that plaintiff's request for damages is frivolous. See Am. Guar. & Liab. Ins. Co. v. Anco Insulations, Inc., 408 F.3d 248, 252 (5th Cir. 2005) (noting that a claim for coercive relief that is frivolous, premature or "otherwise wanting in equity" will not preclude application of Brillhart). As such, Colorado River governs the question before me.

Under Colorado River, abstention from the exercise of federal jurisdiction is the exception, not the rule, given that district courts have a "virtually unflagging duty" to exercise federal jurisdiction when it exists. 424 U.S. at 817. In applying the Colorado River standard, I employ a two-part analysis. First, I determine "whether the concurrent state and federal actions are actually parallel." Clark, 376 F.2d at 685 (citing LaDuke v. Burlington N. R.R. Co., 879 F.2d 1556, 1558 (7th Cir. 1989)). The Seventh Circuit has advised that "[s]uits need not be identical to be parallel." AAR Int'l, Inc. v. Nimelias Enters. S.A., 250 F.3d 510, 518 (7th Cir. 2001). "The question is not whether the suits are formally symmetrical, but whether there is a 'substantial likelihood' that the foreign litigation 'will dispose of all claims presented in the federal case.'" Id. (quoting Day v. Union Mines Inc., 862 F.2d 652, 656 (7th Cir. 1988)). "Any substantial doubt that the non-federal litigation will completely and promptly resolve the issues between the parties in the federal court action" demands the conclusion that the cases are not parallel. 17A Moore's Federal Practice § 122.06[1]; see also AAR Int'l, 250 F.3d at 520.

4

If I find that the actions are parallel, I must then consider a list of non-exclusive factors that might demonstrate the existence of exceptional circumstances weighing in favor of abstention, including

> (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiffs rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim.

Miller Brewing Co., 391 F. Supp. 2d at 742 (citing Clark, 376 F.2d at 685).

In the present case, it does not appear that the Illinois action will dispose of each of Oldenburg's claims and thus I must conclude that the suits are not parallel. Oldenburg has raised Frontier's duty to indemnify as a defense but it has not asserted an affirmative claim against Frontier regarding Frontier's breach of its duty to defend. Further, it is not clear that the Illinois court will even rule on Oldenburg's indemnification defense. If the court does not enter judgment in favor of Frontier and against Oldenburg, it will have no reason to decide Oldenburg's claim of entitlement to a set-off. Of course, I presume that Oldenburg could raise all of the questions presented in the present case as a counterclaim and/or crossclaim in the Illinois case. However, Oldenburg has not done so and the Seventh Circuit has held that the mere availability of such an avenue for relief in state court does not render the state court proceeding parallel. Truserv Corp. v. Flegles, Inc., 419 F.3d 584, 593 (7th Cir. 2005). Finally, even if Oldenburg had raised all of the relevant questions in state court, Frontier has not presented any argument that such court would resolve such claims "promptly." See 17A Moore's Federal Practice § 122.06[1].

5

And even if the cases were parallel, there are few factors weighing in favor of abstention. Unlike a recent case in which I abstained under Brillhart, this case does not present close questions of law that the Illinois court is more competent to decide and, as stated, it does not present a question that such court is likely to resolve quickly. See St. Paul, 483 F. Supp. 2d at 749-50.[3] Further, Oldenburg is not able to remove the Illinois action to federal court and it appears that the present forum is convenient for both parties given that they chose it as their preferred forum in the contract at issue. The only factors weighing in favor of abstention are that the Illinois case was initiated before the present one and that this case could create piecemeal litigation; however, these factors do not render these circumstances extraordinary. Frontier also argues that I should abstain because the ultimate obligation to indemnify Oldenburg may depend on factual questions regarding the design of the WCC conveyor system that are currently being examined in the Illinois case. However, it appears likely that the present action will not rely on such questions at all. The filings to date suggest that this case could be resolved with a legal determination of the applicability of the agreement between Oldenburg, Lake Shore and Frontier to claims against Oldenburg as the successor-in-interest to Stamler.

**THEREFORE, IT IS ORDERED** that defendant's motion to dismiss is **DENIED**.

Dated at Milwaukee, Wisconsin this 7 day of November, 2007.

/s_____
LYNN ADELMAN
District Judge

---

[3]The contract at issue is governed by Michigan law.

6

Case 2:07-cv-00285-LA   Filed 11/07/07   Page 6 of 6   Document 33